# United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,      *
                                    *
      v.                        *     CR 497-180-1
                                    *
BILLY MEDLOCK,                *
                                    *
      Defendant.             *

## ORDER

This Court ordered that Defendant Billy Medlock be committed "for treatment in a suitable facility for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1). That period of treatment has been provided, and the Court has received the forensic evaluation.

The issue before the Court is whether, pursuant to the guidance of Sell v. United States, 539 U.S. 166 (2003), this Court should order the forced administration of antipsychotic medication in an effort to restore Medlock to competency. Prior to undertaking that analysis, the Court must determine whether alternative grounds exist to justify the administration of such medication. The Court is persuaded by the unrebutted evidence of the forensic evaluation that Medlock does not meet the

criteria necessary to approve forced administration of medication on alternative grounds. Dkt. No. 176.

The parties have submitted their briefs which focus on the first Sell factor, i.e., whether the Government's interest in restoring Medlock to competency to answer for the underlying supervised release violation outweighs Medlock's "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." Washington v. Harper, 494 U.S. 210, 221 (1990). The parties take the position that forced administration of medication should not be ordered and that the Court should direct the Bureau of Prisons ("BOP") to conduct the examination provided in 18 U.S.C. § 4246 (hospitalization of person due for release but suffering from mental disease or defect).

This Court has conducted an independent review of the record and notes that the alleged supervised release violation is a Grade C infraction and that Medlock's criminal history category of I results in a guideline range of imprisonment of three (3) to nine (9) months. Medlock has been incarcerated for some 18 months while the examinations ordered by this Court have been conducted. The very practical aspect of the case significantly lessens the Governmental interest in the same. The Court also notes that there is no evidence to suggest that Medlock had used drugs or alcohol prior to failing to provide

the required sample. Lastly, the record shows that Medlock's failure to submit to testing is the result of a delusional belief system that has been documented in his BOP mental health records since at least 2009. That very delusional belief system is the basis for him having been found incompetent. Accordingly, the Court finds that Medlock's right to be free from the forced administration of medication clearly outweighs the Government's interests in restoring Medlock to competency to answer for the underlying supervised release violation. Having found in favor of Medlock on this first <u>Sell</u> criteria, the Court need not address the three remaining criteria.

As such, the BOP shall conduct an examination pursuant to 18 U.S.C. § 4246 to address the issue of whether Medlock is "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."

**SO ORDERED** this ___ day of August, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA