# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR497-180 |
| | ) | |
| BILLY MEDLOCK, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Billy Medlock is before the Court to determine whether, pursuant to 18 U.S.C. § 4246, he suffers "from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." *Id.* The District Judge directed the United States Bureau of Prison's medical staff to examine Medlock and determine whether he posed such risk. Doc. 180. He was examined by doctors at the Federal Medical Center in Butner, North Carolina, who issued a report concluding that he did not. Doc. 183.

On December 14, 2017, the Court held a hearing, at which Dr. Kristina Lloyd, one of Medlock's examining physicians, testified concerning her opinion of his dangerousness. Dr. Lloyd testified that

although Medlock did not cooperate with her examination, he was not belligerent. He "generally refused to participate in interviews" and, although "pleasant and polite," he "firmly indicated he was not willing to talk about his case, any potential mental illness he may have, or his release plans." Doc. 183 at 7. Despite his refusal to submit to formal examination, she testified she was nevertheless able to conclude that he did not pose a physical danger to himself or others. *See id.* at 10 (expressing that both in Dr. Lloyd's opinion and the Risk [Assessment] Panel's[1] opinion that "Mr. Medlock does *not* meet the criteria for civil commitment"). The Government does not dispute that conclusion.

The Court, therefore, **RECOMMENDS** that the District Judge find that there is "no clear and convincing evidence" that Medlock poses "a substantial risk of bodily injury to another person or serious damage to property of another," within the meaning of § 4246. Given the previous findings that Medlock is not competent to stand trial, *see* doc. 171 (recommending incompetency finding), *adopted* doc. 175, and that forced administration of antipsychotic medication to restore competency is not warranted, doc. 180, it is further **RECOMMENDED** that the

---

[1] Dr. Lloyd explained in her testimony that the Risk Assessment Panel was comprised of herself, the Chief, and the Deputy Chief of Psychology Services at the Butner facility. *See also* doc. 183 at 7 (discussing Risk Assessment Panel).

proceedings against him be **DISMISSED** and he be released from custody.[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  If the parties, however, notify the Clerk that they have no objections to these findings and recommendations, then the Clerk shall forthwith submit this R&R to the assigned district judge.

**SO REPORTED AND RECOMMENDED**, this 15th day of December, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] At the hearing, the Government conceded that, despite concerns for Medlock's well-being after his release, there was no legal basis for his continued detention.  The Court has since learned that Mr. Steve Beauvais, court-appointed counsel for Mr. Medlock, has taken it upon himself to render additional assistance to Mr. Medlock beyond that required by the terms of his appointment.  Specifically, he has indicated that he will secure warm clothes and a travel bag for Mr. Medlock, endeavor to put him in touch with his family, and facilitate his planned efforts to return to Albany, Georgia.  The Court expresses its appreciation to Mr. Beauvais for his work in this case, his professionalism, and his kindness to his client.